FILED
Samuel L. Kay, Clerk
United States Bankruptcy Court
Augusta, Georgia
By jpayton at 3:23 pm, Jan 23, 2012

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Dublin Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | Number <u>11-30332</u> |
| STEVEN WILLIAMS | ) | |
| | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |

### ORDER

The matter before me is the Trustee's objection to the confirmation of Debtor's proposed chapter 13 plan. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(L) and jurisdiction is proper pursuant to 28 U.S.C. §1334.

Debtor's schedules disclose a monthly payment of $674.00 on a pre-petition loan from his 401(k) plan. At the current rate, the loan will be repaid in a approximately 23 months. After the 401(k) loan is repaid, Debtor wants to use the money to make retirement contributions, rather than use the money to pay his unsecured creditors. Debtor acknowledges he has not made any contributions to his 401(k) retirement for at least the 8 years preceding his filing for bankruptcy. In fact, he had ceased making contributions approximately 5 years before he took out the 401(k) loan. The chapter 13 trustee argues as a condition of confirmation of his chapter 13 plan, Debtor should agree to increase his plan

payments once the 401(k) loan has been repaid.

As required, the loan repayment is disclosed as a payroll deduction on Debtor's current income listed on Schedule I. Debtor is a below median income debtor and therefore he is not required to complete the §1325(b)(3) disposable income calculation on the B22 means test form. Debtor's plan proposes to pay a 0% dividend to general unsecured creditors. Should the Trustee's objection be sustained, unsecured creditors would be repaid in full.

Section 1325(b)(1)(B) provides that "if the Trustee . . . objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan . . . the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan." 11 U.S.C. §1325(b)(1)(B).

The Debtor contends the 401(k) loan contribution repayments are excluded from disposable income reflecting the public policy of encouraging citizens to make arrangements for their retirement. The Trustee argues where a debtor was not making contributions to his retirement for a substantial period before the petition date, or before the date the loan was entered, he should

2

not be able to start such contributions during the pendency of his chapter 13 to the detriment of his unsecured creditors. I agree with the Trustee. In Hamilton v. Lanning, the Supreme Court held the bankruptcy court may consider changes in Debtor's income and expenses that are known or virtually certain at the time of confirmation. Hamilton v. Lanning, 130 S.Ct. 2464, 2478 (2010)("we hold that when a bankruptcy court calculates a debtor's projected disposable income, the court may account for changes in the debtor's income or expenses that are known or virtually certain at the time of confirmation."). I find it is appropriate to consider these projected changes in Debtor's income at the time of confirmation, as they are known and virtually certain.

Disposal monthly income for below median income debtors such as Mr. Williams is determined on a case-by-case basis from reviewing schedules I and J. 11 U.S.C. §1325(b)(2) and (b)(3); In re Miller, 361 B.R. 224, 228 (Bankr. N.D. Ala. 2007). The Supreme Court in Hamilton granted certiorari to decide: "[W]hether, in calculating the debtor's 'projected disposable income' during the plan period, the bankruptcy court may consider evidence suggesting that the debtor's income or expenses during that period are likely to be different from her income or expenses during the pre-filing period." Hamilton v. Lanning, 130 S.Ct. 487 (2009). Some lower

3

courts had taken the "mechanical approach", while most had adopted the "forward-looking approach." The Supreme Court held that the "forward-looking approach" is the appropriate approach. Hamilton, 130 S.Ct. at 2469.

The Supreme Court noted that pre-BAPCPA, in exceptional cases, bankruptcy courts took into account foreseeable changes in a debtor's income or expenses. See In re Heath, 182 B.R. 557, 559-561 (B.A.P. 9th Cir. 1995); In re Richardson, 283 B.R. 783, 799 (Bankr. Kan. 2002); accord, 1 Keith M. Lundin, Chapter 13 Bankruptcy §35.10, at 35-14 (2000 ed.) ("The debtor should take some care to project estimated future income on Schedule I to include anticipated increases or decreases [in income] so that the schedule will be consistent with any evidence of income the debtor would offer at a contested confirmation hearing"). The Supreme Court acknowledged these cases and found that such considerations remain appropriate post-BAPCPA. The Court noted that pre-BAPCPA bankruptcy practice is telling because

> 'We will not read the Bankruptcy Code to erode past bankruptcy practice absent a clear indication that Congress intended such a departure.' Congress did not amend the term 'projected disposable income' in 2005, and pre-BAPCPA bankruptcy practice reflected a widely acknowledged and well-documented view that courts could take into account known or virtually certain changes to debtors' income or expenses when projecting disposable income. In

4

> light of this historical practice, had Congress intended for 'projected' to carry a specialized-and indeed, unusual-meaning in Chapter 13, Congress would have said so expressly.

Hamilton, 130 S.Ct. at 2473-74 (internal citations omitted). As a result, I find the anticipated increase in Debtor's projected disposable income after repayment of the 401(k) loan is relevant.

Turning to the issue of whether Debtor may opt to fund his 401(k) retirement plan over repaying his unsecured creditors once the 401(k) loan is repaid, I find he cannot. When a Debtor has not been funding his 401(k) for at least 8 years before he filed this bankruptcy petition and well before he borrowed from the 401(k) it is inappropriate to allow him to start funding is retirement with the income previous used to repay the loan to the detriment of his unsecured creditors. Other courts considering looking at similar facts have agreed that when repayment of a 401(k) loan during the life of the plan could be reasonably anticipated at the time the chapter 13 plan was confirmed, the post-petition income that becomes available after the 401(k) loan is repaid must be considered as projected disposable income available to unsecured creditors. See Nowlin v. Peake (In re Nowlin), 576 F.3d 258 (5th Cir. 2009)("We hold that a bankruptcy court may consider reasonably certain future events when evaluating a Chapter 13 plan for confirmation under

5

§1325. Some events may be too speculative, such as the fluctuation of an investment market during the plan's term and its impact on the debtor's budget. Other events are much more certain, as in this case where the debtor will pay off a debt at a date certain."); McCarty v. Lasowski (In re Lasowski), 575 F.3d 815, 820 (8th Cir. 2009)(suggesting the debtor "propose a tiered plan that increases payments to unsecured creditors after the 401(k) payments have ceased."); Burden v. Seafort (In re Seafort), 437 B.R. 204, 211 (B.A.P. 6th Cir. 2010); In re Brann, 2011 WL 3502495 (Bankr. C.D. Ill. August 9, 1011); In re McCullers, 451 B.R. 498 (Bankr. N.D. Cal. 2011). All these cases used the forward-looking approach to determine that funds used to repay 401(k) loans constituted projected disposable income which must be used to pay unsecured creditors once the 401(k) loans are repaid.

For these reasons, confirmation is ORDERED DENIED. Debtor shall file a motion to convert or a modified chapter 13 plan consistent with the terms of this order on or before **February 3, 2012**[1] or case will be dismissed without further notice or a hearing.

*Susan D. Barrett*
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this 23rd day of January 2012.

---

[1] This date allows the claims bar date to expire.

6